UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CIV-21376-BLOOM/Valle

ZO SKIN HEALTH, INC., a California
Corporation,

    Plaintiff,

vs.

TARA SALZ, an individual, and
DOES 1-10,

    Defendants.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** came before the Court on the Motion to Dismiss (the "Motion", ECF No. [12]) filed by Defendant Tara Salz ("Salz"). The Court has reviewed Salz's Motion, all supporting and opposing pleadings, the court file, and is fully advised. For the reasons set forth below, the Court denies the Motion.

Plaintiff ZO Skin Health, Inc. ("ZO") initiated the above-captioned case by filing its Complaint against Salz and other unnamed defendants on April 16, 2014, asserting claims for breach of contract and trademark infringement under Florida law, trademark infringement, false advertising, unfair competition and trademark dilution all in violation of the Lanham Act, 15 U.S.C. § 1114 and 15 U.S.C. § 1125, civil violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1662, tortious interference with business relations, and civil conspiracy. *See* ECF No [1]. On June 9, 2104, Salz, a *pro se* defendant, timely answered and asserted affirmative defenses. *See* ECF No. [11]. Some two weeks later, on June 24, 2014, Salz filed the instant Motion. ZO responded in opposition on July 14, 2014. *See* ECF No. [16].

Fed. R. Civ. Pro. 12(b) governs motions to dismiss.[1] The rule provides, in relevant part,

> [A] party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted . . . . A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.

Fed. R. Civ. Pro. 12(b). "On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true." *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir.1986)). "Dismissal pursuant to Rule 12(b)(6) is not appropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). To survive a Rule 12(b)(6) motion, a complaint must therefore "contain sufficient factual matter to 'state a claim . . . plausible on its face.'" *In re Florida Cement & Concrete Antitrust Litig.*, 746 F. Supp. 2d 1291, 1305 (S.D. Fla. 2010) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1288-90 (11th Cir. 2010)).

Because Salz filed her answer before filing her Motion, that Motion is untimely, and must be denied. Rule 12(b)(6) requires that "[a] motion asserting any of [the listed] defenses must be made *before* pleading if a responsive pleading is allowed." Fed. R. Civ. Pro. 12(b) (emphasis added). By declining to file her Motion prior to her responsive pleading, Salz waived her right to seek dismissal pursuant to Rule 12(b)(6). *See Skrtich v. Thornton*, 280 F.3d 1295, 1306 (11th Cir. 2002) ("[B]ecause a responsive pleading – an answer – had been filed, under the plain

---

[1] Salz has not articulated under which rule she brings her Motion. Construing the Motion in the light most favorable to the *pro se* defendant, *see*, *e.g.*, *Irwin v. Miami-Dade Cnty. Pub. Sch.*, 2009 WL 497648, at *4 (S.D. Fla. Feb. 25, 2009) aff'd, 398 F. App'x 503 (11th Cir. 2010) (*pro se* pleadings are to be construed liberally), the Court will consider the Motion brought pursuant to Fed. R. Civ. Pro. 12(b)(6) (failure to state a claim).

language of Rule 12(b), a motion to dismiss would have been inappropriate."); *Walker v. Mead*, 2014 WL 2778162 (M.D. Fla. June 18, 2014) (defendant waived right to dismissal under Rule 12(b)(6) by failing to file motion prior to responsive pleading); *see also Guarantee Co. of N. Am. USA v. W.D. Wainwright & Sons, Inc.*, 2010 WL 1141116, at *1 (M.D. Ala. Mar. 23, 2010) (refusing to consider motions filed contemporaneously with answers under Rule 12(b)(6)). "This does not mean that [Salz] has waived [her] defense of failure to state a claim, it just means that [she] has waived [her] right to file a Rule 12(b) motion." *Dipilato v. Rudd & Diamond, P.A.*, 2011 U.S. Dist. LEXIS 99648, at *3 (S.D. Fla. Sept. 2, 2011).

The Court also notes that Salz did not comply with S.D. Fla. L. R. Civ. Pro. 7.1(a), which requires that all motions incorporate a memorandum of law citing supporting authorities. While *pro se* pleadings are to be construed liberally, the Motion is devoid of any legal basis on which the Court could consider the relief requested. The Motion does attach and incorporate a sworn affidavit containing information potentially relevant to Salz's asserted defenses. *See* Exh. A to ECF No. [12]. Were it appropriate for the Court to consider that affidavit, *see Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)), the information contained therein does not render implausible the facts as presented by OZ in its Complaint. Construing the Complaint in the light most favorable to OZ as the non-moving party, and accepting as true all facts alleged in the Complaint, the Complaint contains facts sufficient to state a claim for relief that is plausible on its face.

CASE NO. 14-CIV-21376-BLOOM/Valle

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Defendant's Motion to Dismiss is hereby **DENIED** as moot by operation of Fed. R. Civ. Pro. 12(b)**.**

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, this 21st day of August, 2014.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record